**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 17 2002**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

TARGET CORPORATION, a
Minnesota corporation,

      Plaintiff-Appellee,

v.

FRED MONSOUR, Trustee,

      Defendant-Appellant.

No. 01-6337
(D.C. No. 00-CV-1008-L)
(W.D. Oklahoma)

## ORDER AND JUDGMENT*

Before **SEYMOUR**, **ALDISERT**,** and **EBEL**, Circuit Judges.

Plaintiff Fred Monsour appeals the district court's grant of summary

judgment in favor of Target Corporation. We affirm.

In 1967, Mr. Monsour, as landlord, leased a parcel of land in Oklahoma

City to Macerich Real Estate Company, as tenant. In addition to providing for

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

**The Honorable Ruggero J. Aldisert, United States Circuit Judge, United
States Court of Appeals for the Third Circuit, sitting by designation.

base rent on the property, the lease set out that if as a provision of a sublease Macerich received percentage rent (an amount based on an agreed-upon percentage net/gross sales/profits) from the sublessee, Macerich would pay 20% of that amount to Mr. Monsour as additional rent. The lease did not encumber Macerich's rights to assign the lease in any way beyond requiring notice to Mr. Monsour. Macerich developed the land, as intended, for use as a retail shopping center.

Simultaneously with execution of the ground lease, Macerich executed a sublease with Arlan's Department Stores, Inc. for retail space in the new shopping area. That sublease required Arlan's to pay percentage rent to Macerich, thus entitling Mr. Monsour to 20% of that rent. In 1972, Arlan's surrendered its sublease and Macerich entered into a new sublease with Target. This sublease also required payment of percentage rent.

In 1993, Macerich assigned its interest in the 1967 ground lease to Target. The assignment specifically provided that Target's estates as sublessor/sublessee would not merge and Target therefore continued paying percentage rent to itself (and thus part to Mr. Monsour) until Target's sublease expired in 1999. Upon expiration of the sublease, Target ceased paying percentage rent because it was now only the tenant and not a sublessor. Mr. Monsour objected and this action followed.

In the district court, Mr. Monsour contended through a number of different theories that the 1967 lease required the payment of percentage rent by *any* retail operation on the premises. In the alternative, he contended that Target's refusal to pay percentage rent on its sales constituted failure of consideration and frustration of purpose, requiring rescission of the lease. The district court granted summary judgment in favor of Target.

We review a grant of summary judgement de novo, applying the same legal standard as the district court. *Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1313 (10th Cir. 1999). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). "In applying this standard, we view the federal record and inferences therefrom in the light most favorable to the nonmoving party." *Bullington*, 186 F.3d at 1313 (*citing Simms v. Oklahoma*, 165 F.3d 1321, 1326 (10th Cir. 1999)).

On appeal, Mr. Monsour challenges the district court's ruling on a number of grounds. He contends (1) the intent of the parties at the time of execution in 1967 envisioned payment of percentage rent by any retail tenant or sublessee; (2) the ground lease includes an implied covenant requiring payment of percentage rent by any retail tenant or sublessee; (3) by failing to pay percentage rent after

expiration of the sublease, Target breached the 1972 non-disturbance agreement executed with Mr. Monsour; (4) based on arguments made in previous litigation over the 1967 lease and sublease, Target is collaterally, judicially, and equitably estopped from denying it has an obligation to pay percentage rent; (5) Target's refusal to pay percentage rent constitutes either a failure of consideration or frustration of purpose that allows Mr. Monsour to terminate the ground lease; (6) the district court erred in holding that Target could unilaterally reduce percentage rent owed to Mr. Monsour; (7) the district court erred in refusing to hold Target in default under the ground lease; and (8) the district court erred in holding Target was entitled to judgment on its claim for recoupment of percentage rent paid under protest by Target.

We have carefully reviewed the record and briefs filed with this court. Having considered Mr. Monsour's arguments in light of those materials, we are not persuaded the district court erred. We affirm the district court's August 10, 2001 summary judgment order for substantially the reasons given in that order.

The judgment of the district court is **AFFIRMED.**

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge